Michael T. Harrison, Esq. (State Bar No. 158983)
**THE SANTA CLARITA LAW FIRM**
25876 The Old Road, #304
Stevenson Ranch, CA 91381
Office: (661) 257-2854
Email: mikeh@scvlawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MARIA SANTOS, AN INDIVIDUAL,<br><br>  Plaintiff,<br><br>vs.<br><br>BLUE MALIBU, LLC,<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1.   **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 et seq. [www.bluemaliboutique.com]**<br>2.   **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 et seq. [www.bluemaliboutique.com]** |

Plaintiff, Maria Santos ("Plaintiff"), alleges the following upon information and belief based upon investigation of counsel, except as to her own acts, which she alleges upon personal knowledge:

### INTRODUCTION

1.   Plaintiff is a blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to

1

Complaint

all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2. Plaintiff brings this civil rights action against Defendant Blue Malibu, LLC. who owns and operates Blue Malibu Boutique retail store ("Defendant" or "Blue Malibu") for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical location, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3. Because Defendant's website, www.bluemalibuboutique.com, is not equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 128188, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 1281, *et seq.*, and 28 U.S.C. § 1332.

Complaint

5. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website is available across California.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

**PARTIES**

8. Plaintiff resides in Los Angeles County, California. Plaintiff is a blind and handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff uses a screen reader to access the internet and read internet content on her computer. Despite multiple attempts to navigate www.bluemaliboutique.com, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services offered by Defendant as a result of accessibility barriers on the website www.bluemaliboutique.com.

3

Complaint

9. The access barriers on Defendant's www.bluemaliboutique.com website have deterred Plaintiff from visiting Defendant's brick-and-mortar store location as well.

10. Plaintiff is informed and believes, and thereon alleges, Defendant is a limited liability company and has its principal place of business in California. Defendant is registered to do business in the State of California and has been doing business in the State of California, including the Central District of California. Defendant operates a retail store in the city of Malibu, California. Defendant's store constitutes a place of public accommodation. Defendant's store provides to the public important goods and services. Defendant also provides the public the www.bluemaliboutique.com website. Defendant's website provides consumers with access to an array of goods and services including many different selections and styles of women's clothing, accessories, jewelry, swimwear, souvenirs, etc. and other benefits related to these goods and services.

11. Defendant's store are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). www.bluemaliboutique.com is a service, privilege, or advantage of Defendant's store.

12. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Central District of California that caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Central District of California. Specifically, on

several separate occasions, Plaintiff attempted to view the website and learn more about Defendant using Defendant's website www.bluemalibuboutique.com in Los Angeles County.

## **THE AMERICAN WITH DISABILITIES ACT AND THE INTERNET**

13. The Internet has become a significant source of information, a portal, and a tool for conducting business, as well as a means for doing everyday activities such as shopping, learning, ordering food, comparing prices, products and services, banking, etc. for sighted, blind and visually-impaired persons alike.

14. In today's tech-savvy world, blind and visually-impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually-impaired person may independently access the internet. Unless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites and the information, products, and services contained thereon.

15. Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise

5

Complaint

known as "JAWS," is the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

16. For blind and visually-impaired users of Apple operating system enabled computers and devices, the screen access software available and built into all Apple products is VoiceOver. Apple's devices, including the iPhone, have the VoiceOver program integrated into their iOS operating system for use by blind and visually-impaired users.

17. For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

18. The international website standards organization known throughout the world as W3C, published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0" hereinafter). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by many business entities to ensure their websites are accessible.

19. Non-compliant websites pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

    a. A text equivalent for every non-text element is not provided;

    b. Title frames with text are not provided for identification and navigation;

    c. Equivalent text is not provided when using scripts;

Complaint

d.  Forms with the same information and functionality as for sighted persons are not provided;

e.  Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f.  Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g.  If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h.  Web pages do not have titles that describe the topic or purpose;

i.  The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j.  One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m.  Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input;

Complaint

    o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique; and,

    p. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

## **FACTUAL BACKGROUND**

20. Defendant offers the commercial website, www.bluemaliboutique.com, to the public. The website offers goods and servies, etc. which should equally allow all consumers sighted and visually impaired to manuever within the site. However, the website presents many obtacles for the visually impaired because it is in violaion of the WCAG 2.0 Regulations.

21. Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's www.bluemaliboutique.com and to therefore specifically deny the goods and services that are offered and integrated with Defendant's store. Due to Defendant's failure and refusal to remove access barriers to www.bluemaliboutique.com, Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendant's store and the

numerous goods, services, and benefits offered to the public through www.bluemalibuboutique.com.

**Defendant's Barriers on www.bluemalibuboutique.com Deny Plaintiff Access**

22. Plaintiff, as a blind person, cannot use a computer without the assistance of screen-reading software. However, Plaintiff is a user of the JAWS screen-reader to access the internet. Plaintiff has visited www.bluemalibuboutique.com several times using the JAWS screen-reader to try to review Defendant's website. But due to the widespread accessibility barriers on www.bluemalibuboutique.com, Plaintiff has been denied the full enjoyment of the facilities, goods, and services of www.bluemalibuboutique.com, as well as to the facilities, goods, and services of Defendant's location in California.

23. While attempting to navigate www.bluemalibuboutique.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to, the following:

    a. Link text on the web page are not unique and descriptive. The website does not include alternative text descriptions for images, etc. making it difficult for individuals who are visually impaired to understand the content of the website;

    b. The website does not include proper headings, making it difficult for individuals who use screen readers to understand the structure of the website;

9

Complaint

c.  The website does not include proper labeling for form controls, making it difficult for individuals who use assistive technology to interact with forms on the website;

d.  The website does not include proper keyboard navigation, making it difficult for individuals who use assistive technology to navigate the website;

**<u>Defendant Must Remove Barriers To Its Website</u>**

24. Due to the inaccessibility of www.bluemaliboutique.com, blind and visually-impaired customers such as Plaintiff, who need screen-readers, cannot review the website as a person with vision could. These inaccessibity issues make reviewing the website frustrating, difficult and discourages visually-imparied customers such as Plaintiff from wanting to visit Defendant's website. As a result, Plaintiff is deterred altogether from shopping from Defendant or visiting the physical location. If www.bluemaliboutique.com were equally accessible to all, Plaintiff could easily and independently review the website to shop the many different types of clothes and accessories or to visit the physcial location as sighted individuals do.

25. Through her many attempts to use Defendant's website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

26. Because simple compliance with the WCAG 2.0 Guidelines would provide Plaintiff and other visually-impaired consumers with equal access to

10

Complaint

www.bluemalibuboutique.com, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a.    Construction and maintenance of a website that are inaccessible to visually-impaired individuals, including Plaintiff;

    b.    Failure to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and,

    c.    Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff, as a member of a protected class.

27.    Defendant therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

28.    The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> "In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ." 42 U.S.C. § 12188(a)(2).

29.    Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified

11

Complaint

consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.0 guidelines for its website. Plaintiff seeks that this permanent injunction requires Defendant to cooperate with the Agreed Upon Consultant to:

   a.   Train Defendant's employees and agents who develop the www.bluemalibuboutique.com website on accessibility compliance under the WCAG 2.0 guidelines;

   b.   Regularly check the accessibility of Defendant's website under the WCAG 2.0 guidelines;

   c.   Regularly test user accessibility by blind or vision-impaired persons to ensure that Defendant's website complies under the WCAG 2.0 guidelines; and

   d.   Develop an accessibility policy that is clearly disclosed on its websites, with contact information for users to report accessibility-related problems.

30.   If www.bluemalibuboutique.com was accessible, Plaintiff and similarly situated blind and visually-impaired people could independently easily review and otherwise research related products available via Defendant's website.

31.   Although Defendant may currently have centralized policies regarding the maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its websites fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

Complaint

32. Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's websites in violation of their rights.

### FIRST CAUSE OF ACTION VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, U.S.C. § 12181 *et seq.*
### [www.bluemalibuboutique.com]

33. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

34. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

35. Defendant's store is public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). www.bluemalibuboutique.com is a service, privilege, or advantage of Defendant's store. www.bluemalibuboutique.com is a service that is integrated with these locations.

36. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. (42 U.S.C. § 12182(b)(1)(A)(i).)

37. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods,

Complaint

services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

38. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

39. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to www.bluemalibuboutique.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

Complaint

40. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

**SECOND CAUSE OF ACTION VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*. [www.bluemalibuboutique.com]**

41. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

42. California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

43. Defendant's store is "business establishments" within the meaning of the Civil Code § 51 *et seq*. Defendant's website is a service provided by Defendant that is inaccessible to patrons who are blind or visually-impaired like Plaintiff. This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually-impaired customers the goods and services provided on its website. These violations are ongoing.

44. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq*., because Defendant has

constructed a website that is inaccessible to Plaintiff, Defendant maintains the website in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

45. Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. §12101 *et seq.*, as set forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

46. The actions of Defendants violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

47. Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

48. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

49. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, blind and visually-impaired individuals;

Complaint

50. A preliminary and permanent injunction enjoining Defendant from violating the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil Code § 51 *et seq.* with respect to its website www.bluemaliboutique.com

51. A preliminary and permanent injunction requiring Defendant to take the steps necessary to make www.bluemaliboutique.com readily accessible to and usable by blind and visually-impaired individuals;

52. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

53. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a);

54. For pre-judgment interest to the extent permitted by law;

55. For costs of suit; and

56. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dated: February 23, 2023

By: /s/ Michael T. Harrison, Esq.
Michael T. Harrison, Esq.
Attorneys for Plaintiff